**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 20th day of November, 2025.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

**BAR DATE: June 11, 2025**

**IN RE:**

Steven C Benner

          Debtor               Case No: 25-20394

**ORDER CONFIRMING PLAN**

The Court has determined that the Debtor's Plan meets the confirmation requirements of Chapter 13 of Title 11 of the United States Code. (All references to "Debtor" in this Order refer to the Debtor and Codebtor, if any, collectively and individually unless otherwise specified.) The Court finds that the Plan as ORIGINALLY FILED, or as LAST AMENDED if applicable, is confirmed, and ORDERS:

**1. PAYMENTS.** Debtor shall make MONTHLY payments of $2850.00, as required by the Plan as Confirmed to:

W.H. Griffin, Trustee
PO BOX 412573
KANSAS CITY, MO
64141-2573

**2. DEBTOR ULTIMATELY RESPONSIBLE FOR PLAN PAYMENTS.** If Debtor's employer is required to make the Plan payment but does not, then the Debtor is ultimately responsible to timely make all Plan payments. If the Debtor does not cause such payments to be timely made, the Trustee may request, and the Court may issue, without further notice, an order directing the Debtor employer to make the appropriate deductions and payments to the Trustee.

**3. CHANGE OF ADDRESS OR EMPLOYMENT.** The Debtor shall immediately notify the Court and the Trustee, in writing, of any change of address or any change in employment. Notice of a change in employment shall include the name and appropriate mailing address for the payroll department of the new employer.

**4. INCURRING POST PETITION DEBT.** DEBTOR SHALL NOT INCUR ANY ADDITIONAL DEBTS DURING THE PENDENCY OF THE PLAN WITHOUT PRIOR APPROVAL BY THE COURT OR THE TRUSTEE, EXCEPT DEBTS THAT MAY BE NECESSARY FOR THE PROTECTION AND PRESERVATION OF LIFE, HEALTH, OR PROPERTY, SUCH AS FOOD, CLOTHING, LODGING, OR MEDICAL CARE FOR DEBTOR OR FAMILY.

**5. DEBTOR DUTY TO REPORT.** The Debtor shall timely report to the Trustee any events affecting disposable income which are not projected on Schedules I and J, including but not limited to tax refunds, inheritances, prizes, lawsuits, gifts, etc., that are received or receivable during the pendency of the case.

**6. DISPOSAL OF PROPERTY.** During the pendency of this case, Debtor is enjoined and prohibited from selling, encumbering, or in any manner disposing of assets without prior order of the Court, except as may be required in the course of Debtor's business, if Debtor is engaged in business.

**7. TAX RETURNS.** Debtor shall timely file all tax returns that become due during the pendency of this case, and provide a copy to the Trustee at the same time the return is filed, if requested by the Chapter 13 Trustee. Confirmation of a plan is without prejudice to the Trustee seeking to alter the liquidation value in Section 15 based on Debtor's entitlement to receive pre-petition non-exempt federal and state income tax refunds.

**8. LENGTH OF PLAN.** Nothing in the Plan shall be construed to permit Debtor to receive a discharge before three years if Debtor is a below median income debtor, or before five years if Debtor is an above median debtor, unless all claims are paid in full.

**9. MORTGAGE DEFAULTS.** The amount of the pre-petition mortgage note arrearage, if any, as specified in the real estate creditor's proof of claim, shall govern, unless the amount is specifically controverted in the Plan or by an objection to the claim as requested by D. Kan. LBR 3015(b).1. Creditors are bound by the interest rate stated in the Plan, unless modified by a separate order.

If Debtor pays the pre-petition arrearage as determined in the foregoing paragraph, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

No real estate creditor shall ever assess, charge or collect, from either the debtor or the real estate collateral any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by court order or an allowed proof of claim.

**10. CONFIRMATION OBLIGATIONS.** Confirmation of this Plan is a finding that Debtor has complied with all of the applicable provisions of 11 U.S.C. §§ 1322 and 1325 and Debtor has fulfilled all pre-confirmation obligations under 11 U.S.C. § 521.

**11. NOTICE PROVIDED.** The court finds that written notice of the confirmation hearing has been given by mail to all creditors and interested parties as shown by Debtor's matrix filed herein, which notice is hereby approved.

**12. TRUSTEE FEE.** Notwithstanding any plan provision to the contrary, the Trustee shall be paid a variable percentage fee in accord with 28 U.S.C. § 586(e).

**13. VESTING.** After approval of the Trustee's Final Report and Account by the Court, all property of the bankruptcy estate that is not proposed or reasonably contemplated to be distributable under the Plan, shall re-vest in Debtor as Debtor's property following dismissal or discharge, unless the property earlier vested by terms of the confirmed plan.

**14. UNCLAIMED FUNDS.** All funds that remain unclaimed ninety days after distribution of the final dividend shall be processed and deposited as provided by Bankruptcy Rule 3011.

**15. ADDITIONAL FINDINGS.** In the event findings of fact and conclusions of law, as required by Fed. R. Bank. P. 7052 and Fed. R. Civ. P. 52, were stated orally and recorded in open court, these are hereby incorporated herein by reference.

**16. REPORTS.** At least once annually, the Trustee shall mail to the Debtor and file with the Court a report showing the funds received and the disbursements made by the Trustee.

**17. DIRECT PAYMENTS.** The failure of the Debtor to make direct payments to a creditor, with the exception of domestic support obligations, shall not bar entry of discharge or completion of the case.

###

Prepared and Approved By:

s/W.H. Griffin, Chapter 13 Trustee
W.H. Griffin #08060
5115 ROE BLVD
SUITE 200
ROELAND PARK, KS 66205-2393
(913)-677-1311
(913)-432-7857 (Fax)
inquiries@13trusteekc.com

In re:                                                                                          Case No. 25-20394-RDB

Steven C Benner                                                                    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 1083-2                          User: admin                                      Page 1 of 2

Date Rcvd: Nov 21, 2025                        Form ID: pdf020                                  Total Noticed: 15

The following symbols are used throughout this certificate:

**Symbol      Definition**

+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 23, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Steven C Benner, 701 Parkview W St, Osawatomie, KS 66064 |
| 10111396 | + Athene Annuity and Life Co, P.O. Box 1555, Des Moines IA 50306-1555 |
| 10111399 | + Landmark National Bank, Riordan, Fincher & Mayo, P.A., 3735 SW Wanamaker Rd, Suite A, Topeka, KS 66610-1396 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 10138579 | + Email/Text: nsm_bk_notices@mrcooper.com | Nov 21 2025 20:24:00 | Athene Annuity and Life Company, Rushmore Servicing, Attn: Bankruptcy Department, PO Box 619096, Dallas, TX 75261-9096 |
| 10111397 | Email/Text: sbse.cio.bnc.mail@irs.gov | Nov 21 2025 20:24:00 | Internal Revenue Service, Centralized Insolvency Ops, Post Office Box 7346, Philadelphia PA 19101-7346 |
| 10134082 | Email/Text: JCAP_BNC_Notices@jcap.com | Nov 21 2025 20:25:00 | Jefferson Capital Systems LLC, PO Box 7999, St. Cloud, MN 56302-9617 |
| 10111398 | + Email/PDF: ais.chase.ebn@aisinfo.com | Nov 21 2025 20:31:45 | JPMBCB Card Services, PO Box 15369, Wilmington DE 19850-5369 |
| 10129490 | + Email/Text: JPMCBKnotices@nationalbankruptcy.com | Nov 21 2025 20:24:00 | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013 |
| 10111400 | + Email/Text: bkty@msfirm.com | Nov 21 2025 20:24:00 | Millsap & Singer, 8900 Indian Creek Pkwy Ste 180, Overland Park KS 66210-1584 |
| 10111401 | + Email/Text: nsm_bk_notices@mrcooper.com | Nov 21 2025 20:24:00 | Rushmore Servicing, 8950 Cypress Waters Blvd, Coppell TX 75019-4620 |
| 10111403 | Email/PDF: ais.sync.ebn@aisinfo.com | Nov 21 2025 20:31:37 | SYNCB/SAM S CLUB DC, PO Box 965036, Orlando FL 32896-5036 |
| 10111402 | + Email/PDF: ais.sync.ebn@aisinfo.com | Nov 21 2025 20:31:32 | Syncb/Amazon, PO Box 965015, Orlando FL 32896-5015 |
| 10139456 | + Email/PDF: ebn_ais@aisinfo.com | Nov 21 2025 20:31:30 | Synchrony Bank, by AIS InfoSource LP as agent, 4515 N Santa Fe Ave, Oklahoma City OK 73118-7901 |
| 10111404 | Email/Text: usaks.ecfkcbank@usdoj.gov | Nov 21 2025 20:24:00 | US Attorney, 500 State Ave 360, Kansas City KS 66101 |
| 10134462 | + Email/PDF: ebn_ais@aisinfo.com | Nov 21 2025 20:31:40 | Verizon, by AIS InfoSource LP as agent, 4515 N Santa Fe Ave, Oklahoma City OK 73118-7901 |

TOTAL: 12

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a**

**preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 10129494 | *+ | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o National Bankruptcy Services, LLC, P.O. Box 9013, Addison, Texas 75001-9013 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2025     Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 21, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Cynthia Marie Kern Melone | on behalf of Creditor Athene Annuity and Life Company bkty@msfirm.com  cwoolverton@ecf.courtdrive.com |
| Eva M Kozeny | on behalf of Creditor Athene Annuity and Life Company bkty@msfirm.com  ekozeny@ecf.courtdrive.com |
| Ryan Michael Graham | on behalf of Debtor Steven C Benner graham@wagonergroup.com bankruptcy@wagonergroup.com,wmlecf@gmail.com;graham.ryanr52985@notify.bestcase.com |
| U.S. Trustee | ustpregion20.wi.ecf@usdoj.gov |
| William H Griffin | inquiries@13trusteekc.com |

TOTAL: 5